## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MILTON SMITH, Inmate #A81091,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) **CIVIL NO. 07-340-MJR** |
| **ROGER WALKER,** *et al.*, | ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On May 14, 2007, the Court issued an order denying Plaintiff's motion to proceed *in forma pauperis* in the action due to Plaintiff's "three strikes" under 28 U.S.C. § 1915(g). The Court ordered Plaintiff to pay the full filing fee in the action within fifteen days (Doc. 4). On June 4, 2007, Plaintiff filed a motion requesting additional time to pay the filing fee (Doc. 5), which the Court granted, allowing Plaintiff an additional thirty days, until July 5, 2007, to pay the filing fee.

Plaintiff has now responded with what the Court construes as a motion to reconsider the order denying the motion to proceed *in forma pauperis* (Doc. 7). Plaintiff first argues that he should be allowed to proceed without payment of any fee, despite his three strikes, because the issues he raises in this action are issues that are currently being litigated in another action (*Westefer v. Snyder*, Case No. 00-162-GPM (S.D. Illinois, filed March 7, 2000)), from which Plaintiff voluntarily withdrew. Plaintiff argues that he should not be charged a filing fee when the issues he raises here are the same as those in the other case. Plaintiff incurred the obligation to pay the filing fee by filing

this action. *See Hains v. Washington,* 131 F.3d 1248, 1250 (7th Cir. 1997). Plaintiff is advised that if he wishes his claims to be part of that action, then he should file a request in that action.

Second, Plaintiff argues that he should be allowed to proceed in the action under the imminent danger exception to 28 U.S.C. § 1915(g). Specifically, Plaintiff states that he suffers from emphysema. Physicians at the prison require that Plaintiff be given a tuberculosis skin test. Plaintiff believes that if he is given the skin test, in his weakened condition, he will be exposed unnecessarily to tuberculosis. This is not imminent danger as contemplated under the statute.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat or prison condition. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* A plaintiff has not sufficiently alleged imminent danger where he states a past injury that has not recurred. *Id.* "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to ***prevent impending harms***, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (emphasis added). Examples of imminent danger include being repeatedly placed near one's enemies, despite prior assaults, *see Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998); an untreated mouth infection that had caused the extraction of five teeth, *see McAlphin v. Toney*, 281 F.3d 709 (8th Cir. 2002); and failure to treat a chronic disease, such as Hepatitis C, that "could result in serious harm or even death constitutes a 'serious physical injury,'" *see Ibrahim v. District of Columbia*, 463 F.3d 3, 7 (D.C. Cir. 2006).

Despite Plaintiff's protestations, taking a tuberculosis skin test will not expose him to the disease. Accordingly, Plaintiff has not sufficiently shown imminent danger to exempt him from

payment of the filing fee.

The Court informed Plaintiff in its June 4, 2007, order that the case would be dismissed if payment in full was not received by July 5, 2007.  That deadline has come and gone, and Plaintiff has not paid the filing fee.  Accordingly, this action is **DISMISSED** for failure to comply with the Court's order.  *See* FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).  The Clerk is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED this 13th day of August, 2007.**

                    **s/ Michael J. Reagan**
                    **MICHAEL J. REAGAN**
                    **United States District Judge**